IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE R. GOINS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 10-652 |
| ) | Judge Arthur J. Schwab/ |
| ) | Chief Magistrate Judge Amy Reynolds Hay |
| BRIAN V. COLEMAN, Superintendent, ) | |
| State Correctional Institution, Fayette, ) | |
| Pennsylvania, et al., ) | |
| ) | |
| Respondent ) | |

## REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2243, be dismissed prior to service as being a second or successive Section 2254 habeas petition and that a certificate of appealability be denied.

II. Report

Maurice R. Goins ("Petitioner"), a state prisoner, convicted of third degree murder, is now serving a 20 to 40 year sentence in a State Department of Corrections prison. He was convicted in Allegheny County at Common Pleas Court, docket CC199808059, of which this Court takes judicial notice.[1] He was sentenced on November 9, 1999. The Court takes further judicial notice of the fact that Petitioner has previously filed a habeas petition pursuant to Section

---

[1] The docket sheet for CC199808059 may be found at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=79892218

2254, which challenged the very same conviction as he challenges herein and which was dismissed as untimely. Goins v. Gillis, No. 04-1300 (W.D. Pa. Dkt. 18 (Report) & Dkt. 20 (order adopting Report)). The Court of Appeals denied a certificate of appealability. Goins v. Gillis, No. 05-3507 (3d Cir. Oct. 6, 2005). Petitioner filed a second Section 2254 habeas petition but then voluntarily withdrew it before the Court could take any action on it. Goins v. Beard, No. 08-cv-1037 (W.D. Pa. Dkt. 6 voluntary dismissal).

Petitioner also filed on July 14, 2009, what purported to be a petition for coram nobis, attacking the very same conviction. That petition was dismissed by the Court pre-service on December 2, 2009. Goins v. Pennsylvania, No. 09-213 (W.D. Pa.).

In addition, during the pendency of the "coram nobis" petition, Petitioner filed on November 6, 2009, a third Section 2254 petition, Goins v. Beard, No. 2:09-cv-01484 (W.D. Pa.), seeking to attack the very same 1999 state court conviction, alleging, *inter alia*, that the state court lacked subject matter jurisdiction to try him because of alleged defects in the drafting and adoption of the State Constitution of Pennsylvania, and/or in the enactment of the Pennsylvania Crimes Code, in addition to a claim that he was prosecuted under a repealed section of the crimes code. Petitioner also claimed that he was prosecuted under Court rules enacted by the State Supreme Court in violation of Article V, Section 4, of the United States Constitution which guarantees to the States a republican form of government. On February 9, 2010, the Court dismissed the third habeas petition pre service as being second or successive. Id., at Dkt. 5 & 6.

On May 3, 2010, with the ink barely dry on the Court's order dismissing the third habeas petition as being second or successive, Petitioner signed the current petition, raising a whole host of complaints regarding the same state court conviction and trial, including an alleged conflict of

interest in his counsel because his counsel was a member of the state bar, Dkt. 1-1 at 13 to 14, and an allegation that Petitioner was not given adequate notice of the "cause of action" against him and the jurisdiction of the Common Pleas Court to try him. Id., at 12 to 13. On May 11, 2010, Petitioner signed an "Amended Petition" "under 28 U.S.C. 2243," Dkt. 2, which the Court received on May 25, 2010. Neither the petition nor the amended petition have been served yet.

Petitioner contends that the alleged violations of his rights during his state trial requires that we issue the writ or at the very least hold a hearing and compel the respondent to attend any such hearing. Petitioner is mistaken. No matter what jurisdictional label he places on his filing, he is a state prisoner seeking to attack the validity of his state conviction and, therefore, his filing must be construed as having been filed pursuant to 28 U.S.C. § 2254, or at least must be subject to that provision, irrespective of the provision invoked. Nevertheless, apparently believing that a mere re-characterization of his petition as being a Section 2243 petition and not a Section 2254 petition permits him to circumvent Congressional intent on limiting repeat habeas filings in federal courts attacking state convictions, Petitioner seeks to invoke federal habeas jurisdiction pursuant to Section 2243. However, Petitioner may not so easily circumvent Congressional intent by mere application of labels. See, e.g., Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."); Welch v. Brown, 541 F.Supp. 259, 261-62 (S.D.Oh. 1982)("It is the nature of his claim which led the Court to dispose of the previous two petitions pursuant to that § 2254 and the rules following same. It is the nature of his claim, and

3

not the provisions recited in his third petition which determine under which federal habeas corpus statute his claim must be disposed. Therefore, regardless of petitioner's reliance on sections 2241, 2242 and 2243, and his express disavowal of any reliance on section 2254, the fact that he is seeking the requested writ in connection with a state court judgment renders this petition subject to treatment and disposition pursuant to 28 U.S.C. § 2254 and its rules") . Petitioner's attempt to circumvent the Congressionally enacted restrictions on repetitive habeas filings by State prisoners is essentially foreclosed both by Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) and by Felker v. Turpin, 518 U.S. 651 (1996). See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D.Pa. Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651 (1996), the Supreme Court held that it would apply the AEDPA's new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA does not explicitly mention § 2241."). While Coady, Felker, Greenwalt and Byrd expressly addressed attempts by state prisoners to use Section 2241, the same reasoning and rules equally apply to state prisoners attempting to utilize Section 2243. What the Court held in Lane v. McKee, No. 2:07-CV-13584, 2007 WL 2710448, at *1 (E.D. Mich. Sept. 10, 2007) applies equally here:

> Petitioner has brought the instant action pursuant to 28 U.S.C[.] § 2243. Regardless of the statutory label placed on the petition, however, habeas petitions brought by state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*,

4

37 Fed. Appx. 94, 95 (6th Cir. 2002). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 therefore apply equally to habeas petitions filed by a state prisoner under other statutes, such as 28 U.S.C. § 2241, the general habeas statute, *see Long v. Commonwealth of Kentucky*, 80 Fed. Appx. 410, 414 (6th Cir. 2003); *Byrd,* 37 Fed. Appx. at 95, under 28 U.S.C. § 2243, *see Welch v. Brown*, 541 F.Supp. 259, 261-62 (D.C. Ohio 1982), and under 28 U.S.C. § 1651, the All Writs Act, *see Brennan v. Wall*, 100 Fed. Appx. 4, 5 (1st Cir. 2004).

Because Petitioner may not merely say his petition is filed pursuant to Section 2243 and thereby have this Court entertain yet another attack on his state court conviction, we recommend this petition be dismissed pre-service pursuant to the language of Section 2243,[2] and/or pursuant to the Court's inherent authority to control its own docket.[3] Accordingly, this petition should be dismissed as not being properly filed pursuant to Section 2243 and should be treated as what it really is, i.e., a second or successive Section 2254 petition that is barred absent permission from the Court of Appeals to file it.

---

[2] Section 2243 provides in relevant part that

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, **unless it appears from the application that the applicant or person detained is not entitled thereto**.

(emphasis added).

We conclude from the application that Petitioner is not entitled to either a writ of habeas corpus or an order directing the respondent to show cause why the writ should not be granted.

[3] Nor has Petitioner argued or carried his burden to take this case outside the general rule of Coady so as to be able to bring the current claims via a Section 2241 petition, assuming that a State prisoner, as opposed to a federal prisoner, can even proceed via Section 2241 or Section 2243 in order to attack the validity of a State Court conviction.  See, e.g., In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); Pollard v. Yost, Civ.A. No. 07-235J, 2008 WL 4933599 (W.D.Pa. Nov. 18, 2008).

**Certificate of Appealability**

To the extent one would be needed, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant petition is a second or successive Section 2254 habeas petition and this Court lacks jurisdiction over it. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals over second or successive habeas petitions] is an allocation of subject-matter jurisdiction to the court of appeals.").

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 30 June, 2010

cc: The Honorable Arthur J. Schwab
United States District Judge

Maurice R. Goins

6

EB-7972
SCI Fayette
Box 9999
LaBelle, PA 15450-0999